IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[3] KELLY ANN LUGO,

Defendant

CRIMINAL 05-0150 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

I.  Personal Background

On May 5, 2005, Kelly Ann Lugo, the defendant herein, was charged in count one of a three-count indictment. The defendant agrees to plea guilty to count one. Count one charges that defendant, along with co-defendants, did knowingly and intentionally combine, conspire, and agree with one another to commit an offense against the United States, to wit: to possess with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, specifically 575 grams (gross weight) of heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Defendant filed a motion for change of plea on October 14, 2005.

II.  Consent to Proceed Before a Magistrate Judge

Yesterday, while assisted by Víctor González-Bothwell, Esq., the defendant, by consent, appeared before me in order to change her previous not guilty plea to a plea of guilty as to count one of the indictment.

In open court the defendant was questioned as to the purpose of the hearing being held. The defendant responded that the purpose of the hearing was to plead guilty. The defendant was advised of her right to have all proceedings, including the

CRIMINAL 05-0150 (JAG)                   2

change of plea hearing, before a United States district judge. Defendant was given notice of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that her answers would be truthful (she was also explained that the consequences of lying under oath could lead to a perjury charge); and (c) her right to have the change of plea proceedings presided over by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consent to proceed before this magistrate judge.

III.   Proceedings Under Rule 11, Federal Rules of Criminal Procedure

   A. Compliance With Requirements Rule 11(c)(1)

   Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

   In response to further questioning, defendant was explained and she understood that if convicted on count one of the indictment, she was exposed to a term of imprisonment of up to 40 years with a minimum of five years, a fine not to exceed $2,000,000, and a term of supervised release of at least five years.

   She was further explained that the court must also impose a mandatory penalty assessment of $100 per count, to be deposited in the Crime Victim Fund, pursuant 18 U.S.C. 3013(a).

CRIMINAL 05-0150 (JAG)                3

Defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon her, she later could not withdraw her guilty plea if she was unhappy with the sentence of the court. The defendant understood this.

Defendant was explained what the supervised release term means. It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant responded to questions in that no promises, threats, inducements or predictions as to what sentence will be imposed have been made to her.

B.  Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of her rights, defendant was advised of her right:

1.  To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving her guilt beyond a reasonable doubt.

2.  To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to her decision not to testify.

3.  To a speedy trial before a district judge and a jury, at which she would be entitled to see and cross examine the government witnesses, present evidence on her behalf, and challenge the government's evidence.

4.  To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

CRIMINAL 05-0150 (JAG)                    4

    5. To use the subpoena power of the court to compel the attendance of witnesses.

    Upon listening to the defendant's responses, observing her demeanor and her speaking with her attorney, that to the best of counsel's belief defendant had fully understood her rights, it is determined that defendant is aware of her constitutional rights.

    C. Consequences of Pleading Guilty

    Upon advising defendant of her constitutional rights, she was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having her guilty plea accepted by the court, she will be giving up the above rights and would be convicted solely on her statement that she is guilty.

    Furthermore, the defendant was admonished of the fact that by pleading guilty she would not be allowed later on to withdraw her plea because she eventually might disagree with the sentence imposed, and that when she were under supervised release, and upon violating the conditions of such release, that privilege could be revoked and she could be required to serve an additional term of imprisonment. She was also explained that parole has been abolished.

    D. Plea Agreement

    The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

    1. The plea agreement is not binding upon the sentencing court.

    2. The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a

CRIMINAL 05-0150 (JAG)                5

recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the possible maximum penalty prescribed by statute.

Defendant acknowledged having understood this explanation. Defendant complies with the safety valve provisions.

E. Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence with which the defendant concurred. Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offenses charged.

F. Voluntariness

The defendant accepted that no leniency had been promised, no threats had been made to induce her to plead guilty and that she did not feel pressured to plead guilty. She came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the indictment.

CRIMINAL 05-0150 (JAG)                         6

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Kelly Ann Lugo is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of her guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 3d day of November, 2005.


                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge